**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Valerie Jo SCHWARTZ, Defendant–Appellant.**

**No. 00–35719.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001

Filed Dec. 14, 2001

Stephen R. Sady, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Frank Noonan, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: DAVID R. THOMPSON, TASHIMA, and GRABER, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Valerie Jo Schwartz appeals the district court's denial of her motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. We hold that Schwartz's § 2255 motion is barred by the statute of limitations, notwithstanding: (1) the possibility of a sentence reduction under Rule 35 of the Federal Rules of Crimi-

nal Procedure; and (2) her continuing obligation under a plea agreement to provide testimony against her co-defendants. Accordingly, we affirm the district court's order denying the motion.

## I

Schwartz and five co-defendants were charged with conspiring to manufacture, and possessing with the intent to distribute, methamphetamine. Pursuant to a plea agreement, Schwartz pled guilty on January 31, 1994. The plea agreement required Schwartz to "cooperate fully and completely with the government including a complete debriefing, testimony at grand jury and at trial or trials as the government deems necessary." The government could declare the plea agreement null and void if, at any time, it made "a good faith determination that Ms. Schwartz is not being completely truthful and cooperative." As required by the plea agreement, Schwartz testified against her five co-defendants.

Schwartz's judgment of conviction was entered on July 6, 1995. She was sentenced to a term of 120 months. On October 25, 1995, the district court entered a "findings of fact order," stating that the 120–month sentence was imposed because: (1) no firearm enhancement was warranted, (2) Schwartz was a minor participant who accepted responsibility, and (3) Schwartz rendered substantial assistance to the government. Schwartz did not file a direct appeal.

Schwartz's co-defendants appealed their convictions. Our judgment affirming those convictions in part and reversing and remanding in part was filed and entered on June 10, 1997. The co-defendants had 90 days, until September 8, 1997, to file a

petition for a writ of certiorari in the United States Supreme Court, but did not do so. Our mandate issued February 6, 1998, and was entered on the district court's docket on February 11, 1998. On March 11, 1998, the district court dismissed the remaining reversed counts.

On February 2, 1999, Schwartz filed a pro se motion pursuant to 28 U.S.C. § 2255. In that motion, she sought to set aside her guilty plea, her conviction, and her sentence. She alleged that: (1) her right against self-incrimination was violated; (2) her sentence constituted cruel and unusual punishment; (3) the district court failed to properly depart from the sentencing guideline level; and (4) the district court failed to properly credit her for cooperation in the prosecution of her co-defendants. The district court dismissed the motion as untimely and for lack of merit. This appeal followed.

## II

In 1995, when the district court entered judgment against Schwartz and she was sentenced, there was no limit on the time within which she could file a motion under § 2255. *See* 28 U.S.C. § 2255 (1994) ("A motion for such ruling can be brought at any time."). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, federal prisoners are required to bring a collateral attack under § 2255 within one year of the date their conviction becomes final. *See* 28 U.S.C. § 2255. Like all defendants whose convictions became final before AEDPA's enactment, Schwartz was entitled to a one-year grace period after AEDPA's effective date to file her § 2255 motion. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001). That grace period expired on April 26, 1997. Schwartz's

§ 2255 motion, filed on February 2, 1999, was thus filed well beyond the expiration of the statute of limitations.

Schwartz argues that because of her obligation to provide testimony against her co-defendants, and the possibility that her sentence might be reduced under Rule 35 of the Federal Rules of Criminal Procedure, her conviction was not final, and the statute of limitations did not begin to run, until her co-defendants' convictions became final. Alternatively, Schwartz argues that the statute of limitations does not bar her § 2255 motion because the government created an impediment to her timely filing of that motion, and in any event the facts supporting her claim only became discoverable within the year immediately preceding the filing of her § 2255 motion. Finally, Schwartz argues that equitable tolling must be applied to prevent manifest injustice which would result if the statute of limitations were to bar her claims.

In most circumstances, the statute of limitations under § 2255 begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Section 2255 does not define "final." The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Guided by the Supreme Court's definition of finality, we have adopted, for § 2255 purposes, the definition of finality set forth in 28 U.S.C. § 2244(d)(1) which is applicable to state prisoners seeking federal habeas relief. *See United States v. Garcia,* 210 F.3d 1058, 1060 (9th Cir.2000). Thus, as to Schwartz, and except for the grace period of the AEDPA, the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal. *Id.*

■ Schwartz did not file a direct appeal, and thus her conviction became final, at the latest, on November 4, 1995, which was 10 days after October 25, 1995, the date the district court entered its "findings of fact order." [1] Notwithstanding the ordinary rules of "finality," Schwartz argues that because her sentence could have been further reduced under Rule 35 of the Federal Rules of Criminal Procedure if she rendered additional substantial assistance, her sentence was not final and her claims were not ripe until her co-defendants' appeals were concluded, which she contends did not occur until February 11, 1998.[2] Schwartz also argues that it would be fun-

1. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Schwartz had 10 days from the entry of "the judgment or the order being appealed" to file her notice of appeal. It may be that Schwartz's conviction became final on the earlier date of July 16, 1995, 10 days after judgment was entered. The selection of one of these dates is not crucial to our decision, and we use the later date to give Schwartz the benefit of any doubt.

2. Schwartz's co-defendants had 90 days from the entry of our judgment on June 10, 1997, to file a petition for a writ of certiorari in the United States Supreme Court. *Garcia,* 210 F.3d at 1061; Sup.Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment ... and not from the issuance date of the mandate....)." Because we reversed as to two counts, arguably the co-defendants' convictions were not final until the district court dismissed the remaining counts on March 11, 1998. We need not consider the question of when the co-defendants' convictions became final, because the determination of that date

damentally unfair to commence the running of the statute of limitations during the period when the government could have declared her plea agreement "null and void."

Schwartz's argument regarding the effect of Rule 35 on the finality of her judgment is foreclosed by 18 U.S.C. § 3582(b), which provides:

> (b) **Effect of finality of judgment.—** Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> (1) modified pursuant to the provisions of subsection (c)[3]; [or]
>
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure;
>
> \* \* \*
>
> judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

As the Fourth Circuit noted in *United States v. Sanders*, 247 F.3d 139, 142–43 (4th Cir.2001), Congress did not intend for motions under Rule 35(b) to prevent a conviction from becoming final for § 2255 purposes.

Nor did Schwartz's continuing duty of cooperation under the plea agreement delay the commencement of the running of the statute of limitations on her § 2255 motion. The government could have voided Schwartz's plea agreement if it determined in good faith that she failed to satisfy her duty of cooperation, in which event her conviction and sentence could have been set aside. In that circumstance, all the rights and defenses available to Schwartz prior to the entry of her guilty plea would have again been available to her. In sum, concluding that Schwartz's conviction was final upon the expiration of the time for her to seek direct review in no way affects the arguments she could have raised, or any defense she could have asserted, if the government voided the plea agreement by reason of her breach.

We conclude that neither the hypothetical prospect for relief under Rule 35, nor the potential for Schwartz's conviction being set aside for her breach of the plea agreement, affected the finality of Schwartz's conviction.

■ We have carefully considered all of Schwartz's remaining arguments and find them to be unpersuasive. Even assuming that the doctrine of equitable tolling is applicable to § 2255 motions, Schwartz would not be entitled to equitable tolling because she has not pointed to any extraordinary circumstance beyond her control that made it impossible for her to file her motion within the appropriate time period. *See Allen v. Lewis*, 255 F.3d 798, 799–800 (9th Cir.2001).[4] Schwartz's arguments regarding the applicability of 28

---

is not necessary to our resolution of Schwartz's claims.

**3.** Subsection (c)(1)(B) of § 3582 provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

**4.** To date, we have not held that the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled. Other courts that have considered the issue agree that equitable tolling is available under § 2255 to the same extent it is available under § 2254 for state prisoners. *See, e.g., Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.2001); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999). We need not consider whether equitable tolling is available under § 2255 because Schwartz cannot satisfy the *Allen* standard for equitable tolling in any event.

U.S.C. § 2255(2) (government impediment), and § 2255(4) (discoverable facts), require no further discussion.

AFFIRMED.