**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge FONSECA–GUERRA, Defendant–Appellant.**

No. 01–56843.

D.C. No. CV–00–2538–JNK
CR–97–00843–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 20, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Jorge Fonseca–Guerra appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fonseca–Guerra acknowledges that his § 2255 motion was filed beyond the one-year time limit,[1] but contends that he is entitled to equitable tolling. Even if equitable tolling is available under § 2255, *see United States v. Schwartz*, 274 F.3d 1220, 1224–25 & n. 4 (9th Cir.2001), Fonseca–Guerra is not entitled to it because he has not demonstrated that "extraordinary circumstances beyond [his] control ... ma[d]e it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997) (internal quotation marks and citation omitted), *overruled on other grounds in Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). With one possible exception, the various explanations Fonseca–Guerra offers for his tardiness are unremarkable. Fonseca–Guerra's only serious contention is that he lacked access to a law library during his time at a holdover detention facility. However, even if that time were excluded, it would amount to seven weeks at most, which is well short of the five months Fonseca–Guerra needs to rescue his motion from the one-year time limit.

Moreover, nothing in the record indicates that the reasons cited by Fonseca–Guerra or anything else beyond his control made the timely filing of his motion "im-

---

1. Fonseca–Guerra's one-year limitations period began on July 19, 1999, and ended on July 19, 2000. He filed the instant motion on December 21, 2000.

possible." *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.