**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hratch Yeremia KAZANDJIAN, Defendant–Appellant.**

No. 01–55055.
D.C. Nos. CV–99–13167–WJR, CR–93–00916–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Hratch Yeremia Kazandjian, a federal prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2255 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir.2001), and we affirm.

Kazandjian contends that he timely filed his section 2255 motion. Specifically, Kazandjian argues that the one-year statute of limitations should not start running until November 30, 1998, the date on which his petition for rehearing of the denial of certiorari in the United States Supreme Court was denied. Also, Kazandjian contends that his "Request for Confirmation of Date for Filing a Section 2255 Motion" (hereinafter "Request") should be construed as the beginning of his habeas case. We are unpersuaded.

■ Because the denial of certiorari takes immediate effect and is not suspended pending the disposition of a petition for rehearing, in the absence of an order from the Court or a Justice, *see* Sup.Ct. R. 16.3, the denial of certiorari is the date on which the judgment of conviction is final. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Kazandjian's case became final on the date certiorari was denied.

Kazandjian's argument that the filing of his Request marked the filing of a pending habeas case is also unpersuasive.[1] Even if Kazandjian's Request were construed as a section 2255 motion, it was dismissed and Kazandjian's subsequent filing was still untimely.

■ Kazandjian contends that, in the alternative, he was entitled to equitable tolling. Even if equitable tolling is available under section 2255, *see United States v. Schwartz*, 274 F.3d 1220, 1224–25 & n. 4 (9th Cir.2001), Kazandjian is not entitled to it because he has not shown that "extraordinary circumstances beyond [his] control ... ma[d]e it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled on other grounds in Calderon (Kelly)*, 163 F.3d at 541. Moreover, even if the time were tolled during transfer, the petition is still late. *Cf. Lott v. Mueller*, 304 F.3d 918 (9th Cir.2002) (tolling time during transfer).

**AFFIRMED.**

■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He relies on *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 539–40 (9th Cir.1998) (en banc). *Calderon (Kelly)* specifically decided the issue of whether a pre-AEDPA motion for appointment of counsel and stay of execution could be a pending habeas case, bringing it outside the confines of the AEDPA. That case is inapposite. Kazandjian's section 2255 motion is subject to AEDPA requirements.