**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nathan K. BROWN, Defendant— Appellant.**

**No. 03–16271.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lawrence Tong, AUSA, Honolulu, HI, for Plaintiff–Appellee.

Nathan K. Brown, Honolulu, HI, pro se.

Before: B. FLETCHER, LEAVY and WARDLAW, Circuit Judges.

## MEMORANDUM **

Federal prisoner Nathan K. Brown appeals pro se the district court's order denying as untimely his 28 U.S.C. § 2255 motion to vacate his 1993 jury conviction and 78–month sentence for conspiracy to file false documents with the IRS and to impede the administration of justice in violation of 18 U.S.C. § 371. His conviction, and that of his co-defendants, was affirmed in prior appeal *United States v. Lorenzo,* 995 F.2d 1448 (9th Cir.1993), *cert. denied,* 510 U.S. 881, 114 S.Ct. 225, 126 L.Ed.2d 180.

Brown seeks reversal of the district court order on the ground that he is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for 28 U.S.C. § 2255 motions. See 28 U.S.C. § 2255. Because Brown's conviction preceded AEDPA's effective date of April 24, 1996, he was entitled to a one-year grace period in which to file and the last date on which Brown could have timely filed was April 24, 1997. *See United States v. Schwartz,* 274 F.3d 1220, 1222–23 (9th Cir.2001).

As the district court found, Brown filed his motion on June 5, 2003, a number of years after the grace period expired. Accordingly, the district court's order is

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

