**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonel RIVERA, Defendant–Appellant.**

No. 05–16827.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas W. Flynn, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Leonal Rivera, Manchester, KY, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Leonel Rivera appeals pro se from the district court's judgment denying his 28 U.S.C. § 2255 motion challenging the 360–month sentence imposed following his convictions for conspiracy and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Because Rivera did not file his section 2255 motion until almost three years after the date his conviction became final, the district court properly denied the motion as untimely. See 28 U.S.C. § 2255; see also United States v. Schwartz, 274 F.3d 1220, 1222–23 (9th Cir.2001). Although Rivera contends that the limitations period should be equitably tolled due to his limited knowledge of English and the lack of Spanish-language materials in the prison law library, this contention is waived because Rivera did not raise it in district court. See Allen v. Ornoski, 435 F.3d 946, 960 (9th Cir.2006). The district court properly rejected his contention that the limitations period began on the date the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir.2005), cert. denied, —— U.S. ——, 126 S.Ct. 1181, 163 L.Ed.2d 1138 (2006) (concluding that Booker does not apply retroactively on collateral review).

Because we conclude Rivera's section 2255 motion was untimely, we decline to

reach his ineffective assistance of counsel contention.

To the extent Rivera raises uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.