**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

WELDON MARC GILBERT,
*Defendant-Appellant*.

No. 13-36006

D.C. Nos.
3:12-cv-05900-BHS
3:07-cr-05732-BHS-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted
September 3, 2015—Seattle, Washington

Filed December 7, 2015

Before: M. Margaret McKeown, Ronald M. Gould,
and N. Randy Smith, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel affirmed the district court's denial of a federal prisoner's 28 U.S.C. § 2255 motion as time barred.

The panel held that a sentence of incarceration coupled with an unspecified amount of restitution is a sufficiently final judgment to support a direct appeal, and that it follows that once the time for filing a direct appeal of this type of judgment expires, the one-year limitation period under 28 U.S.C. § 2255(f) to file a collateral attack on a federal conviction is triggered. The panel held that when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered.

The panel held that the prisoner waived his claim that he is entitled to equitable tolling, but that even if not waived, the claim has no merit. The panel wrote that assuming prisoner's counsel gave erroneous advice on the filing deadline, this is not the kind of extraordinary circumstance that compels equitable tolling.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Paula T. Olson (argued), Law Office of Paula T. Olson, Tacoma, Washington, for Defendant-Appellant.

Michael Dion (argued), Assistant United States Attorney, Seattle, Washington, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

Federal prisoner Weldon Gilbert appeals the district court's denial of his 28 U.S.C. § 2255 motion as time barred. On April 23, 2009, Gilbert pleaded guilty in federal court to multiple counts of the production of child pornography, transportation of a minor to engage in illegal sexual activity, and obstruction of justice. The plea agreement recommended a sentencing range of 228 to 300 months and required Gilbert to forfeit various properties—including his home, helicopter, seaplane, and speedboat—to pay restitution to his victims. On November 16, 2009, the district court sentenced Gilbert to 300 months of imprisonment and lifetime supervision. Because Gilbert's assets were still in the process of being liquidated, the district judge left the exact amount of restitution "TBD" (to be determined).

Gilbert claims that while he was in state court on related charges that his counsel advised him that he could not file a § 2255 motion challenging his federal sentence until the final amount of restitution was entered. Gilbert also claims that counsel advised that the one-year limitation to file a § 2255 motion would "toll" pending the outcome in state court.

Gilbert states that he relied on this advice and delayed filing a § 2255 motion. The state proceedings concluded on November 6, 2012.

Liquidating Gilbert's assets and working out the details of restitution took considerable time. On October 7, 2011, the district court entered an amended judgment setting Gilbert's total restitution to victims at $1,072,175.76. With the exception of the amount of restitution, the rest of Gilbert's sentence remained unchanged.

On October 10, 2012, Gilbert filed a § 2255 motion in federal court, alleging that his plea was involuntary, that the plea agreement was violated, and that he received ineffective assistance of counsel at the pleading stage. After briefing was completed, the district court denied the motion as time barred. Relying on dictum in *Dolan v. United States*, 560 U.S. 605 (2010), the district court concluded that the November 16, 2009 sentencing was a final judgment that triggered the one-year statute of limitations. The court reasoned that because Gilbert did not file his § 2255 motion until almost three years after the imposition of judgment, his petition was untimely. However, recognizing the lack of precedent on this issue, the district court granted a certificate of appealability on whether Gilbert's petition is time barred. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a) and 2255(d), and review the district court's dismissal of Gilbert's habeas petition on timeliness grounds *de novo*. *See United States v. LaFramboise*, 427 F.3d 680, 683 (9th Cir. 2005). For the reasons that follow, we affirm.

Under 28 U.S.C. § 2255(f), there is a one-year period of limitation to file a collateral attack on a federal conviction that runs from the latest of four events, including the date on

which the judgment of conviction becomes final. If the movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition lapses. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). However, if the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires. *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (citing Fed. R. App. P. 4).

The Supreme Court has not directly addressed whether a judgment that imposes a period of incarceration and an unspecified amount of restitution is a "final" judgment for appellate purposes. *See Dolan*, 560 U.S. at 618 ("We leave all such matters for another day.") However, the Court noted that "strong arguments favor the appealability of the initial judgment irrespective of the delay in determining the restitution amount." *Id.* at 617. The Court pointed to the language of several statutes, including 18 U.S.C. § 3582(b), which states that a "sentence to imprisonment" is a "final judgment." *Id.* at 618. The Court mentioned its concern with requiring incarcerated defendants to delay their appeals until the restitution amount is set. *Id.* This dictum in *Dolan* is in line with previous Supreme Court precedent holding that a judgment that imposes a sentence is a final judgment. *See Corey v. United States*, 375 U.S. 169, 174, 175 (1963) (a judgment that imposes "discipline" is "freighted with sufficiently substantial indicia of finality to support an appeal") (internal citations and quotation marks omitted); *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (citations omitted).

*Corey* and *Berman* support our conclusion that a judgment that includes a sentence but leaves the amount of restitution open is sufficiently final for appellate purposes. Also, we afford any dictum of the Supreme Court due deference, *see United States v. Baird*, 85 F.3d 450, 453 (9th Cir. 1996), and agree that there is a serious policy concern with requiring incarcerated defendants to delay their appeals until the district court has finalized the amount of restitution. *Dolan*, 560 U.S. at 618; *see also United States v. Cheal*, 389 F.3d 35, 51–52 (1st Cir. 2004).

We note that several of our sister circuits have held that a judgment that imposes a sentence and an unspecified amount of restitution is a sufficiently final judgment for appellate purposes. *See, e.g.*, *Cheal*, 389 F.3d at 51–52; *Gonzalez v. United States*, 792 F.3d 232, 237 (2d Cir. 2015) (per curiam); *United States v. Muzio*, 757 F.3d 1243, 1250 (11th Cir. 2014). We join our sister circuits in holding that a sentence of incarceration coupled with an unspecified amount of restitution is a sufficiently final judgment to support a direct appeal. It follows that once the time for filing a direct appeal of this type of judgment expires, the one-year limitation period under § 2255(f) is triggered. *Schwartz*, 274 F.3d at 1223 & n.1.

Gilbert's November 16, 2009 sentence, which imposed restitution but left the exact amount to be determined, became a final judgment for habeas purposes once the deadline for filing a notice of appeal expired 14 days later. *See* Fed. R. App. P. 4(b)(1)(A). The one-year statute of limitations to file a § 2255 motion began to run with this expiration, and Gilbert's counsel was incorrect if he advised Gilbert to the contrary. However, this case also presents a second question:

whether the one-year limitations period restarts for § 2255 motions once a final order of restitution is entered.

The Second Circuit has answered this question in the affirmative. In *Gonzalez v. United States*, Efrain Gonzalez was sentenced to a period of incarceration and an unspecified amount of restitution on May 25, 2010. 792 F.3d at 233. Gonzalez appealed the initial judgment and amended his appeal once the restitution order was finalized. *Id.* The Second Circuit affirmed the sentence but vacated the restitution order on July 22, 2011, and Gonzalez did not seek a writ of certiorari. *Id.* at 233–34. On remand, the district court revised the amount of restitution, and Gonzalez filed a § 2255 motion on September 4, 2013, alleging that the government had intimidated a defense witness. *Id.* at 234. The district court dismissed the motion as time barred under 28 U.S.C. § 2255(f), and Gonzalez appealed. *Id.*

The Second Circuit held that the motion was timely because the limitations period began to run when the time for Gonzalez to file a direct appeal of the revised restitution order expired. *Id.* The court cited the Supreme Court's decision in *Corey*, which held that a defendant committed to custody but awaiting a final sentence could appeal the initial imposition and also appeal the final sentence. *Id.* at 237 & n.25 (citing *Corey*, 375 U.S. at 174–75). The Second Circuit further noted that the Eleventh Circuit relied on *Corey* to hold "that a judgment imposing a sentence without setting restitution is sufficiently final as to be immediately appealable, but an appeal also could be taken following entry of the subsequent restitution order." *Id.* (citing *Muzio*, 757 F.3d at 1249–50). Extrapolating from *Corey* and *Muzio*, the Second Circuit held that the same rule should apply to § 2255 motions: that defendants should be permitted to file a habeas petition after

the initial judgment, but that they should also be "free to await the conclusion of the criminal proceedings"—*i.e.*, until after the district court amends the order of restitution—before filing a § 2255 motion. *Id.*

The procedural posture of this case is different. In *Gonzalez*, the Second Circuit characterized Gonzalez's initial judgment as vacated on direct appeal and determined that the substantively new judgment on remand restarted the one-year limitations period. 792 F.3d at 235–36. We have similarly held that if an appellate court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] to the district court . . . . the judgment does not become final, and the statute of limitations [under § 2255] does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed." *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000). But in Gilbert's case there was never a direct appeal, and no part of his sentence was vacated. The judgment was merely amended to include the specific restitution amount, and the procedural posture is therefore distinguishable from both *Gonzalez* and *Colvin*.

Also, the Second Circuit has left open the possibility that defendants can file § 2255 motions to challenge restitution, *see Gonzalez*, 792 F.3d at 237 (quoting *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003)), whereas we have squarely held that restitution cannot be challenged through a § 2255 motion. *See United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999). Gilbert argues that these precedents do not apply because he is seeking relief from incarceration, not challenging his restitution. However, restarting the clock for § 2255 motions from the amended order of restitution would

still be inconsistent with our precedents in *Thiele* and *Kramer*. Because Gilbert is not permitted to challenge his restitution with a § 2255 motion, it would make no sense to let him restart the statute of limitations under § 2255 from an amended judgment that addressed only the specific amount of restitution. We hold that when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered.[1]

Gilbert argues for the first time on appeal that if his § 2255 motion is time barred, he is entitled to equitable

---

[1] In *Dolan*, the Supreme Court stated in a dictum that an order of restitution, like a sentence of imprisonment, is a final judgment. 560 U.S. at 618 (citing 18 U.S.C. § 3664(o)). The Court further said that "[t]hus, it is not surprising to find instances where a defendant has appealed from the entry of a judgment containing an initial sentence that includes a term of imprisonment; that same defendant has subsequently appealed from a later order setting forth the final amount of restitution; and the Court of Appeals has consolidated the two appeals and decided them together." *Id.* (citations omitted).

However, this passage of *Dolan* concerned direct appeals, not collateral attacks under 28 U.S.C. § 2255. Because *Dolan* is distinguishable in that sense, we cannot say that our prior precedents in *Thiele* and *Kramer* are clearly irreconcilable with its reasoning. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) ("where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.") We therefore adhere to circuit precedent, and on the basis of that precedent it would be unwarranted to allow Gilbert to restart the § 2255 clock from the amended restitution order, when our extant precedent says that he cannot use § 2255 to challenge a restitution order.

tolling. As a general rule, "a federal appellate court does not consider an issue not passed upon below." *Dodd v. Hood River Cty.*, 59 F.3d 852, 863 (9th Cir. 1995) (citation and quotation marks omitted). We conclude that Gilbert waived this claim. Even if it were not waived, we conclude that it has no merit. To be entitled to equitable tolling, a habeas petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and quotation marks omitted). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (emphasis in the original) (citation and quotation marks omitted). This is a very high threshold. *Id*.

Gilbert alleges that his trial counsel provided incorrect legal advice regarding the deadline to file a § 2255 motion and that this is an extraordinary circumstance that warrants equitable tolling. Binding case law holds otherwise. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (equitable tolling was not warranted when defendant's attorney miscalculated the deadline to file a habeas petition). Assuming that Gilbert's counsel did give erroneous advice on the filing deadline, this is not the kind of extraordinary circumstance that compels equitable tolling.

We conclude that Gilbert's § 2255 motion is time barred and that he is not entitled to equitable tolling. The district court is therefore **AFFIRMED.**