**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30139 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00042-TMB |
| v. | |
| PHILLIP DIXON, Jr., a.k.a. Cheddar, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Phillip Dixon, Jr., appeals the district court's order denying in part his

motion for return of property under Federal Rule of Criminal Procedure 41(g).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dixon claims that the district court erred by denying his motion for the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

return of $8,530. The district court appears to have denied Dixon's motion, at least in part, because it presumed that this $8,530 was part of the $25,000 that Dixon forfeited under the criminal judgment. In fact, the $8,530 that Dixon sought to have returned was administratively forfeited prior to his criminal proceedings. Nonetheless, the district did not err by denying Dixon's motion because the government has obtained title to the $8,530 and, therefore, Dixon has no claim to it. *See Omidi v. United States*, 851 F.3d 859, 861-62 (9th Cir. 2017) (outlining the administrative forfeiture process). To the extent that Dixon claims that the government failed to provide him with proper notice of the administrative forfeiture proceedings or raises any other challenges to the administrative forfeiture proceedings that he did not raise below, we decline to consider these claims. *See United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015) ("As a general rule, a federal appellate court does not consider an issue not passed upon below." (internal quotations omitted)).

**AFFIRMED.**

16-30139