**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>MERL SIMPSON,<br><br>　　　　　　Defendant-Appellant. | No.　21-16204<br><br>D.C. No.<br>4:16-cr-00292-YGR-2<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Rogers, District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

Before:  S. R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

　　Merl Simpson appeals the district court's order denying his

28 U.S.C. § 2255 motion as time-barred.  Because the parties are familiar with the

facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. §§ 1291,

2253(a), and 2255(d).  We review de novo dismissals based on statutes of

limitations, including whether the statute of limitations should be equitably tolled.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

*See Smith v. Davis*, 953 F.3d 582, 587 (9th Cir. 2020).  We affirm.

1.  A § 2255 motion under the Antiterrorism and Effective Death Penalty Act is subject to a one-year statute of limitations period.  *See* 28 U.S.C. § 2255(f).  Relevant here, that period begins to run from the date on which the judgment of conviction becomes final.  *Id.*  Simpson filed his motion on August 6, 2018, but his judgment was entered on May 3, 2017, and it became final on May 17, 2017.  Accordingly, his motion was untimely.

Simpson argues that his one-year limitations period restarted on October 12, 2018, when the district court entered a new judgment that increased his total restitution amount and altered the wording, but not substance, of the default mandatory and standard conditions of supervised release.  This argument is foreclosed by our precedent in *United States v. Gilbert*, 807 F.3d 1197 (9th Cir. 2015).

In *Gilbert*, we held that, when a judgment is issued that defers restitution, "the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered."  *Gilbert*, 807 F.3d at 1201.  We reasoned that because a defendant "is not permitted to challenge his restitution with a § 2255 motion, it would make no sense to let him restart the statute of limitations under § 2255 from an amended judgment that addressed only the specific amount of restitution."  *Id.* (citing *United States v. Thiele*, 314 F.3d 399,

2

401 (9th Cir. 2002); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)). That rationale applies equally here, where the only substantive change in the new judgment concerned restitution.

We decline Simpson's request to reconsider *Gilbert* in light of *Manrique v. United States*, 581 U.S. 116 (2017). In that case, the Supreme Court held that "where a district court enters an initial judgment deferring restitution and subsequently amends the judgment to include the sentence of restitution," a defendant must file a notice of appeal from the *amended* judgment. *Manrique*, 581 U.S. at 124. The reasoning in *Gilbert* is not "clearly irreconcilable" with the reasoning in *Manrique* because each decision concerns different procedural mechanisms. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). The court in *Gilbert* reasoned that, because a movant cannot challenge a restitution order in a § 2255 motion, the § 2255 limitations period does not restart with an amended restitution order. *See Gilbert*, 807 F.3d at 1201. By contrast, the Supreme Court in *Manrique* reasoned that, because a defendant *can* challenge a restitution order on direct appeal, the period in which to file a notice of appeal starts when the restitution amount has been decided, *i.e.*, when the amended judgment is issued in a deferred restitution case. *See Manrique*, 581 U.S. at 123–24.

Finally, because Simpson did not appeal his conviction, the grounds for restarting the limitations period identified in *United States v. Colvin* are not present here. 204 F.3d 1221, 1225 (9th Cir. 2000) (limiting its holding "to those cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court").

2. "The statute of limitations contained in § 2255 is subject to equitable tolling," but only where "extraordinary circumstances beyond [the movant's] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (quoting *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (second alteration in original)). The movant bears the burden of establishing that he is entitled to equitable tolling, *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds*, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and must demonstrate "the necessary causal link" between the extraordinary circumstance and the untimeliness of the § 2255 motion, *United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011).

Simpson argues that his temporary transfer to Santa Rita County Jail in March 2018 deprived him of access to his legal materials and thus constituted "extraordinary circumstances" that prevented him from timely filing his § 2255 motion. Despite being afforded several opportunities to establish the dates of his

4

transfer to Santa Rita County Jail, however, Simpson failed to do so. Without providing this information to the district court, Simpson could not meet his "very high" burden, *see Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)), of demonstrating that it was "impossible" to file his motion on time, *see Battles*, 362 F.3d at 1197. For the same reason, we conclude that an evidentiary hearing is not warranted. *Cf. Laws*, 351 F.3d at 921 (evidentiary hearing appropriate when movant makes a "good-faith allegation that would, if true, entitle him to equitable tolling"). The type of additional support that Simpson contemplates might be useful is the kind of information that could have been included in the two affidavits he filed in the district court. Because Simpson does not meet the criteria for equitable tolling, the district court properly denied his § 2255 motion as untimely.

**AFFIRMED.**