NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL A. TRUJEQUE-MAGANA, AKA Jorge Ricardo Gongora-Chi,<br><br>       Petitioner-Appellant,<br><br>v.<br><br>JASON BENNETT; RON HAYNES; WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>       Respondents-Appellees. | No.    22-35742<br><br>D.C. No. 3:21-cv-05755-JHC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted July 12, 2024**
Seattle, Washington

Before:  McKEOWN, CLIFTON, and DE ALBA, Circuit Judges.

Miguel A. Trujeque-Magana, a Washington prisoner, appeals from the

district court's denial of his untimely petition for a writ of habeas corpus under 28

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 2254.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Trujeque-Magana concedes that his petition was not filed within the one-year statute of limitations for a state prisoner to file a habeas petition, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2244(d)(1). But he argues that he is entitled to equitable tolling of AEDPA's statute of limitations based on extraordinary circumstances—in particular, his attorney's misreading of AEDPA and resultant miscalculation of the filing deadline.  We review de novo the district court's determination that a habeas petitioner is not entitled to equitable tolling.  *See Gibbs v. Legrand*, 767 F.3d 879, 884 (9th Cir. 2014).

"It is well established that a prisoner who files his federal petition for writ of habeas corpus after AEDPA's one-year statute of limitations has expired may be entitled to equitable tolling."  *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017).  "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (internal quotation marks omitted).

Trujeque-Magana's bid for equitable tolling necessarily fails because he cannot show extraordinary circumstances, *i.e.*, an occurrence "beyond [his]

2

control" that "prevent[ed] [him] from filing on time." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). We have emphasized that this is a "very high" standard, *id.* at 1097, and have repeatedly clarified that "run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed"—such as "miscalculating a filing deadline"—"do not rise to the level of extraordinary circumstances," *Luna v. Kernan*, 784 F.3d 640, 646–47 (9th Cir. 2015); *see also, e.g.*, *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that a "miscalculation of the limitations period by [the petitioner's] counsel and his negligence in general" did "not constitute extraordinary circumstances sufficient to warrant equitable tolling"); *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (observing that "incorrect legal advice regarding the deadline to file" a habeas petition is not an extraordinary circumstance). Though Trujeque-Magana vaguely submits to the possibility that Fox may have misrepresented the timeliness of the habeas petition to his client, Trujeque-Magana proffers no actual factual allegations that would give reason to believe that Fox did anything more than merely negligently compute the filing deadline. Because Trujeque-Magana has not sufficiently alleged nor shown extraordinary circumstances, he is not entitled to equitable tolling of the statute of limitations. The district court therefore correctly dismissed his petition as untimely.

**AFFIRMED.**