Filed 11/18/16

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>    **Plaintiff and Respondent,**<br><br>**v.**<br><br>**JUAN PABLO CRUZ VILLAGRAN,**<br><br>    **Defendant and Appellant.** | **A143768**<br><br>**(Contra Costa County<br>Super. Ct. No. 051405711)** |

Using a text messaging application, appellant Juan Pablo Cruz Villagran[1] communicated with a number of girls under 14 years of age, sending them sexually explicit photographs of himself and asking them to send him nude photographs of themselves in return. Based on these text messages, the Contra Costa County District Attorney charged Cruz with multiple counts of attempted violation of Penal Code section 288, subdivision (a) (section 288(a)).[2] The jury returned guilty verdicts on these counts, and Cruz now appeals.

In this court, Cruz challenges the sufficiency of the evidence supporting his convictions. He contends conviction under section 288(a) requires either a physical encounter with the victim or a constructive touching in which the defendant induces the victims to touch themselves or another, with a concurrent sexual intent at the time of the

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

[1] Appellant's full surname is Cruz Villagran, but he is referred to as "Juan Cruz" in the record. We will therefore use the shorter form of his name in this opinion.

[2] All statutory references are to the Penal Code.

touching. Cruz also contends the trial court erred in instructing the jury on the elements of the section 288(a) offense and in responding to a question from the jury. Finally, he contends his prosecution for attempted violation of section 288(a) violates the rule against prosecution under a more general statute when the conduct at issue is prohibited under section 288.3, a later, more specific statute.

We reject Cruz's contentions and will accordingly affirm the judgment. In the published portion of our opinion, we hold that a defendant may commit the crime of attempted lewd and lascivious acts on a child under 14 by communicating with the victim via text messaging. We further hold that the sexual intent and the touching required by section 288(a) need not occur simultaneously. In the final portion of this opinion, we conclude Cruz's convictions under section 288(a) are not prohibited under the special versus general doctrine, because section 288(a) contains an element not contained on the face of section 288.3. In the unpublished portion of the opinion, we reject Cruz's claim of instructional error.

FACTUAL AND PROCEDURAL BACKGROUND

Cruz was convicted of 21 separate offenses arising out of his contacts with five different victims. According to his opening brief, however, "[t]his appeal focuses solely on three counts of conviction for attempted lewd and lascivious contact with a minor under fourteen[.]" We will therefore set forth only the facts pertaining to those three counts.

*Jane Doe I*

Jane Doe I was 14 years old and in the ninth grade at the time of trial. On September 10, 2011, when she was 11 years old, Jane Doe I met Cruz at her sister's *quinceañera,* a celebration for girls on their 15th birthday. Cruz was then 23 years old.

When Jane Doe I was 13 years old, Cruz posted a comment on her Instagram page telling her she had a pretty smile. She thanked Cruz, and he asked her to add him as a contact on Kik, a social text messaging application. Jane Doe I did so and started communicating with Cruz using Kik. She told Cruz she was 13 years old.

2

Over the next three days, the two sent each other messages. At that time, they "were just like talking as friends." On the third day, Cruz sent Jane Doe I a photograph he had taken of himself in the bathroom mirror. The photograph showed Cruz's face and upper body. He was shirtless and wearing a gold necklace. Jane Doe I responded with, "okay," and they continued texting messages. She did not ask Cruz to send more photographs.

About 10 minutes after sending the first photograph, Cruz sent a second. This one showed a close-up of his erect penis. Jane Doe I was surprised and uncomfortable. She could not believe Cruz would send her such a photograph. She replied, "That's not you," and Cruz responded, "Yes, it is. Look at my necklace." The same necklace was visible in both photos.

Within a few minutes of sending the photo of his penis, or almost simultaneously, Cruz asked Jane Doe I, "Send me one." He said, "It's just going to be between me and you." Jane Doe I understood Cruz to be requesting a nude photograph of herself. She refused, telling Cruz, "No. I'm having a sleepover with my friend." Cruz asked her twice for nude photographs, but she told him, "I can't send them. Sorry[.]" Jane Doe I blocked Cruz so that he could no longer contact her. She deleted the photos he had sent her.

Later, Jane Doe I talked to a classmate about the incident. A teacher overheard them and told the school principal. Perhaps two days later, Jane Doe I spoke to a police detective about the incident.

*Jane Doe III*

At the time of trial, Jane Doe III was 13 years old and in the eighth grade. When she was 12 years old and in the seventh grade, Cruz, whom she did not know, commented on a "selfie" photograph she had posted on her Instagram page. Cruz said, "cute smile." Jane Doe III thanked Cruz, and he asked for her Kik contact information, which she provided.

Jane Doe III talked to Cruz on Kik for a day. She told him she was 12 years old. Using Kik, he asked her, "Can you send me a picture of you?" Cruz asked her to send

him pictures of her naked body. Jane Doe III did not send any pictures and instead blocked Cruz from communicating with her. His request for pictures made her feel "kind of scared."

*Jane Doe V*

Jane Doe V was 14 years old at the time of trial. She lived in Brentwood and attended high school.

Between November and December 2014, when Jane Doe V was 13 years old and in the seventh grade, Cruz commented on a picture she had posted on Instagram. He told her she was beautiful, and she thanked him. When Jane Doe V told Cruz she was 13 years old, he said he was 19. They exchanged Kik contact information and communicated for three days.

For the first two days, Jane Doe V and Cruz "got to know each other" and "were talking like friends." Cruz sent her pictures of his drawings of the Virgin Mary and a tiger. Jane Doe V told Cruz he was a "good drawer," and he asked if she wanted to see more of his drawings. After she said yes, Cruz sent her a picture of his penis. The picture showed him holding his penis with his left hand. Immediately thereafter, Cruz sent a second photograph of his penis. The second photo was shot in an upward direction and showed his face, his chest, and his penis, which he was holding.

Cruz told Jane Doe V, "I'm hard for you." He said she should send "nude" pictures of herself and asked for "pictures of [her] boobs." Cruz told her to "take some [pictures] and just send them real quick[.]" Jane Doe V refused. Cruz also told her he had "morning wood" every day. He told her he lived close to the middle school and asked her to come to his house. Jane Doe V felt very uncomfortable with the conversation, and she was annoyed he kept asking her to send pictures. She blocked Cruz on Kik and Instagram.

*Information, Trial, and Sentence*

On March 28, 2014, the Contra Costa County District Attorney filed an amended information charging Cruz with 25 counts of sexual offenses against minors. As relevant here, the information charged Cruz with three attempts to commit lewd acts upon Jane

4

Doe I, Jane Doe III, and Jane Doe V, all of whom were children under the age of 14 (§§ 288, subd. (a), 664; counts 6, 9, 22).[3]

Trial was by jury. At the close of the prosecution's case, Cruz's trial counsel moved to dismiss counts 6, 9, 16, and 22. (§ 1118.1.) She argued "[t]here was no request to touch herself, to take off her clothes or to touch her body in any way, and that's what is required under the People's theory of a 288, attempted 288." Counsel contended there was insufficient evidence to prove either that Cruz intended the victims to touch themselves or that he asked them to remove their clothing. Counsel opined the evidence showed "just a desire to receive a picture . . . ." The trial court disagreed, explaining, "The defendant intended the child to take a photograph of herself naked at that time, and therefore he intended that they remove their clothing to do so during the conversation." The court denied the motion to dismiss.

On September 24, 2014, the jury returned its verdicts. Because of the number of victims and counts, we set forth the verdicts in tabular form:

**Jane Doe I**

| Count | Charge | Verdict |
|---|---|---|
| 1 | § 228.2, subd. (a): distributing lewd matter to a minor | NG[4] |
| Lesser | § 313.1, subd. (a): distributing harmful matter to a minor | G |

---

[3] The remaining counts of the information charged Cruz with distributing lewd matter to a minor (§ 288.2, subd. (a); counts 1, 19, 24), contacting a minor for the purpose of engaging in lewd and lascivious behavior (§ 288.3, subd. (a); counts 2, 12, 14, 25), annoying or molesting a minor (§ 647.6, subd. (a)(1); counts 3, 7, 8, 20), attempted exploitation of a child (§ 311.3, subd. (a); counts 4, 10, 18, 23), attempted possession or control of matter depicting a person under 18 years of age in sexual conduct (§§ 311.11, subd. (a), 664; counts 5, 11, 15, 21), attempted distributing/exhibiting lewd matter to a minor (§ 288.2, subd. (a), 664; counts 13, 17), and attempt to commit a lewd act upon a child under age 14 (§§ 288, subd. (a), 664; count 16).

[4] In this chart, "NG" indicates a not guilty verdict and "G" indicates a guilty verdict.

| 2 | § 288.3, subd. (a): contacting a minor to engage in lewd or lascivious behavior | G |
| 3 | § 647.6, subd. (a)(1): annoying or molesting a minor, a misdemeanor | G |
| 4 | §§ 311.3, subd. (a)/664: attempted exploitation of a child | NG |
| 5 | §§ 311.1, subd. (a)/664: attempted possession of child pornography | G |
| 6 | §§ 288, subd. (a)/664: attempt to commit a lewd act on a minor under 14 | G |

**Jane Doe II**

| Count | Charge under Penal Code | Verdict |
| --- | --- | --- |
| 7 | § 647.6, subd. (a)(1): annoying or molesting a minor, a misdemeanor | G |
| 8 | § 647.6, subd. (a)(1): annoying or molesting a minor, a misdemeanor | G |

**Jane Doe III**

| Count | Charge under Penal Code | Verdict |
| --- | --- | --- |
| 9 | §§ 288, subd. (a)/664: attempt to commit a lewd act on a minor under 14 | G |
| 10 | §§ 311.3, subd. (a)/664: attempted exploitation of a child | NG |
| 11 | §§ 311.11, subd. (a)/664: attempted possession of child pornography | G |

| 12 | § 288.3, subd. (a): contacting minor to engage in lewd or lascivious behavior | G |

### Jane Doe IV[5]

| Count | Charge under Penal Code | Verdict |
| --- | --- | --- |
| 13 | §§ 288.2/664: attempted distribution of lewd matter to a minor | G |
| 14 | § 288.3, subd. (a): contacting a minor to engage in lewd or lascivious behavior | G |
| 15 | §§ 311.11, subd. (a)/664: attempted possession of child pornography | G |
| 16 | §§ 288, subd. (a)/664: attempt to commit a lewd act on a minor under 14 | G |
| 17 | §§ 288.2/664: attempted distribution of lewd matter to a minor | G |
| 18 | §§ 311.3, subd.(a)/664: attempted exploitation of a minor | NG |

### Jane Doe V

| Count | Charge under Penal Code | Verdict |
| --- | --- | --- |
| 19 | § 288.2, subd. (a): exhibiting lewd matter to a minor | NG |
| Lesser | § 313.1, subd. (a): distributing harmful material to a minor | G |

---

[5] "Jane Doe IV" was not a minor but instead the investigating officer who posed as a 12-year-old girl and sent messages to Cruz in a sting operation to obtain evidence against him.

| 20 | § 647.6, subd. (a)(1): annoying or molesting a minor, a misdemeanor | G |
| 21 | §§ 311.11, subd. (a)/664: attempted possession of child pornography | NG |
| 22 | §§ 288, subd. (a)/664: attempt to commit a lewd act on a minor under 14 | G |
| 23 | §§ 311.3, subd. (a)/664: attempted exploitation of a minor | NG |
| Lesser | § 313.1, subd. (a): distributing harmful material to a minor | G |
| 24 | § 288.2, subd. (a): exhibiting lewd matter to a minor | G |
| 25 | § 288.3, subd. (a): contacting a minor to engage in lewd behavior | G |

On November 24, 2014, the trial court sentenced Cruz to five years in prison. It suspended execution of the sentence and placed him on probation for five years in return for a waiver of all custody credits. The court ordered Cruz to serve 364 days in county jail.

Cruz filed a timely notice of appeal on December 12, 2014.

DISCUSSION

Cruz challenges his convictions on counts 6, 9, and 22 for attempting to commit a lewd act on a child under 14 years of age.[6] (§§ 288(a), 664.) First, he contends violations of section 288(a) require more than virtual communications, even if those communications are obscene. To sustain a conviction under this statute, he argues, "some kind of attempt to make physical contact with the victim is required and here there was none." Second, Cruz argues the trial court erred in giving an instruction on the elements of the section 288(a) offense and in responding to a jury question. Third , Cruz

_____

[6] Although Cruz was charged with the same offense in count 16, he concedes the evidence was sufficient with respect to that count.

8

contends his prosecution under section 288(a) violates the proscription against prosecution under a general statute when the conduct at issue is prohibited under a more specific one. We will address these arguments in turn.

I. *The Convictions on Counts 6, 9, and 22 Are Supported by Sufficient Evidence.*

Cruz contends his convictions on counts 6, 9, and 22 are unsupported by substantial evidence. He argues he simply asked for nude photos of the victims, "without any directions on how or when the girls should photograph themselves in revealing manners."[7] What is lacking in this case, Cruz asserts, is a "showing that [he] had a sexual intent that these young girls touch themselves . . . in the taking of these photographs[.]" He argues he "did not ask the girls to touch themselves in any manner but only to reveal their intimate parts to him in . . . photographs." Thus, he asserts, without evidence to support a finding he harbored a sexual intent that the girls engage in some kind of sexual touching or conduct when they took the requested nude photographs of themselves, the convictions for these counts cannot be sustained.

A. *Standard of Review*

This court's role in reviewing any claim of insufficiency of the evidence is limited. (*People v. Veale* (2008) 160 Cal.App.4th 40, 45.) On appeal of a conviction under section 288(a), "[t]he proper test for determining a claim of insufficiency of evidence . . . is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" (*People v. Jones* (1990) 51 Cal.3d 294, 314.)

B. *Elements of the Section 288(a) Offense*

In counts 6, 9, and 22, Cruz was charged with and convicted of attempted violations of section 288(a). "To sustain a conviction of attempted violation of section 288(a), the prosecution has the burden of demonstrating (1) the defendant intended to

---

[7] Cruz acknowledges these were illegal communications but contends they were prohibited under sections 288.3 and 311.3, not section 288(a).

commit a lewd and lascivious act with a child under 14 years of age, and (2) the defendant took a direct but ineffectual step toward committing a lewd and lascivious act with a child under 14 years of age." (*People v. Singh* (2011) 198 Cal.App.4th 364, 368.) Cruz contends the People failed to prove the first of these two elements. In analyzing this contention we examine first the relevant statutory text and the case law interpreting it.

Section 288(a) provides in relevant part: "Except as provided in subdivision (i), any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." The statute is violated if there is " 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." (*People v. Martinez* (1995) 11 Cal.4th 434, 452 (*Martinez*).) Thus, the offense described by section 288(a) has two elements: " '(a) the touching of an underage child's body (b) with a sexual intent.' [Citation.]" (*United States v. Farmer* (9th Cir. 2010) 627 F.3d 416, 419.)

The touching required by section 288(a) may be constructive. (*People v. Meacham* (1984) 152 Cal.App.3d 142, 153 (*Meacham*), abrogated on another ground by *People v. Brown* (1994) 8 Cal.4th 746, 756.) That is, "a defendant need not touch the victim in order to violate section 288." (*People v. Lopez* (2010) 185 Cal.App.4th 1220, 1229 (*Lopez*).) The required touching may be done by the child on his or her own person provided it was caused or instigated by a perpetrator having the requisite specific intent. (*People v. Austin* (1980) 111 Cal.App.3d 110, 114-115 (*Austin*); accord, *People v. Mickle* (1991) 54 Cal.3d 140, 176 ["Where committed for a sexually exploitative purpose, [the actual or constructive disrobing of a child by the accused] is presumptively harmful and prohibited by section 288(a)."]; *People v. Roberts* (1972) 26 Cal.App.3d 385, 387-388 [defendant charged as aider and abettor of violation of § 288 need not have physical contact with victim].)

In addition to an actual or constructive touching, section 288(a) "requires 'the *specific intent* of arousing, appealing to, or gratifying the lust of the child or the accused.'

10

[Citation.]" (*People v. Warner* (2006) 39 Cal.4th 548, 557.) "Because intent for purposes of . . . section 288 can seldom be proven by direct evidence, it may be inferred from the circumstances." (*In re Mariah T.* (2008) 159 Cal.App.4th 428, 440.) In determining whether the defendant acted with the required specific intent, the jury therefore looks to all the circumstances, including the charged act. (*Martinez, supra,* 11 Cal.4th at p. 445.) "Other relevant factors can include the defendant's extrajudicial statements [citation], other acts of lewd conduct admitted or charged in the case [citations], the relationship of the parties [citation], and any coercion, bribery, or deceit used to obtain the victim's cooperation or to avoid detection [citation]." (*Ibid*.)

C. *An Attempted Violation of Section 288(a) May Be Committed Via Text Messaging.*

Cruz contends "[t]here was no proof of the required concurrence of the sexual intent of a touching with the requested production of nude self-portraits from these girls." He first argues he never tried to meet Jane Does I, III, or V, and he did not attempt to be physically present when the photographs were taken. Cruz's argument fails.

A defendant may violate section 288(a) even if he is not physically present when the touching occurs. For example, in *People v. Imler* (1992) 9 Cal.App.4th 1178 (*Imler*), the court held "that one can commit the crime of attempted child molestation by speaking to the victim over the telephone." (*Id*. at p. 1179.) In *Imler,* the defendant, Imler, called the home of a 12-year-old boy and told him he was holding the boy's father as a hostage. (*Id*. at p. 1180.) Imler demanded ransom and then "ordered [the boy] to disrobe and touch his penis." (*Ibid*.) The boy did not touch himself, even though Imler repeatedly told him to do so. The boy falsely told Imler he had complied, and Imler hung up. (*Ibid*.)

On appeal, Imler contended the evidence was insufficient to establish the crime of attempt. (*Imler, supra,* 9 Cal.App.4th at p. 1179.) The court disagreed, concluding, "Whether the victim complied or not is beside the point. [Citation.] Imler's acts could have resulted in a violation of . . . section 288." (*Id.* at p. 1182.) In addition, the court explained: "It matters not that Imler could not touch his victim. 'The touching necessary to violate . . . section 288 may be done by the child victim on its own person providing

11

such touching was at the instigation of a person who had the required specific intent.' [Citation.] The accused does not have to commit the lewd act. The defendant's intent may be inferred from his conduct which was to order the victim to commit a lewd act upon himself. [Citation.]" (*Ibid.*)

Under *Imler,* it does not matter that Cruz made no effort to meet Jane Does I, III, and V or to be present when they took the photographs he requested. As was true in *Imler,* the touching required by section 288(a) may be constructive. If the girls had complied with Cruz's request and touched themselves to take nude photos, those acts of touching would have been "imputable to appellant as if the touching had been actually done by his own hands." (*Meacham, supra,* 152 Cal.App.3d at p. 154.) And if "one can commit the crime of attempted child molestation by speaking to the victim over the telephone" (*Imler, supra,* 9 Cal.App.4th at p. 1179), it logically follows that one can commit the offense by communicating with a minor under 14 using a text messaging application such as Kik. Thus, we hold that a defendant may commit the crime of attempt to commit a lewd act on a minor under 14 through the medium of text messaging. (See *People v. Hanna* (2013) 218 Cal.App.4th 455, 457-460 [defendant convicted of violation of § 288(a) based on communications by email and instant messaging]; *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1322 [defendant properly convicted of attempted violation of § 288(a) after "sexually-charged online chats" with child].)

D.  *The Intent Requirement of Section 288(a) Is Satisfied if the Perpetrator Acts With the Intent of Arousing or Gratifying His Own or the Child's Sexual Desires.*

Cruz also argues the concurrence of sexual intent and act was missing because "[h]e did not direct the girls to touch themselves, or anyone else, in any particular manner for *his* sexual gratification[.]" (Italics added.) Cruz misapprehends the nature of the intent section 288(a) requires. The intent element of the statute is satisfied if the People prove Cruz acted "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person *or the child*[.]" (§ 288(a), italics added.) Cruz's opening brief tells us "[h]e tried to sexually stimulate [the girls] through sending photographs of his penis[.]" He therefore admits he acted with the intent of arousing or

12

appealing to the girls' "lust, passions, or sexual desires." While the People did not have to prove Cruz also acted with the intent of arousing or gratifying *his own* lust, passions, or sexual desires, the jury could certainly have found he acted with that intent because he requested the nude photographs after sending each girl one or more photos of his erect penis. (See *Martinez, supra,* 11 Cal.4th at p. 450 [defendant's intent is "inferred from all the circumstances"].) As Cruz himself says, he "wanted to see naked photographs." The jury could reasonably conclude he wanted the photographs for purposes of his own sexual gratification.

E.     *The Sexual Intent and Touching Need Not Occur at the Same Time.*

Cruz appears to argue the sexual intent and touchings had to occur at the same time. He argues, "[w]ithout additional evidence to support the finding that appellant harbored a sexual intent to include some kind of sexual touching or conduct at the time the girls took their 'selfies,' the convictions . . . in counts six, nine, and twenty-two must be reversed." *Lopez, supra,* 185 Cal.App.4th 1220 addressed and rejected a similar argument. In that case, the defendant was convicted of two counts of violating section 288(a) involving his two stepdaughters. They "testified that defendant played 'the money game' with them. He directed them to dress in lingerie or bathing suits, and look for money blindfolded." (*Id.* at p. 1227.) On appeal, the defendant argued there was insufficient evidence to support those two counts "because defendant did not touch the girls, he was not present when they changed their clothes, and there was no evidence he harbored any lewd intent when the girls touched themselves while changing their clothes." (*Id.* at p. 1230.) Like Cruz, the defendant claimed "the requisite concurrence of act and intent is lacking." (*Ibid.*)

The court disagreed. It first held the evidence supported a finding that there was a touching concurrent with lewd intent. (*Lopez, supra,* 185 Cal.App.4th at p. 1230.) "[T]he touching occurred when, at defendant's direction, the girls removed their clothing and dressed in clothing defendant told them to wear." (*Ibid.*) As a matter of first impression, the court also rejected the defendant's contention that there could be no concurrence of the act and his lewd intent because he was not present when the girls

13

changed their clothing. (*Id*. at pp. 1231-1233.) It explained: "Because of the apparent legislative intent to apply section 288 expansively to any sexually motivated touching, including touchings by the victim at the defendant's direction, we conclude section 288 encompasses defendant's act in the instant case of directing the victims to change into provocative clothing for the sexually motivated purpose of watching the girls search for money in the provocative clothing. Defendant committed the touching acts constructively, through the victims as conduits, for the purpose of sexual arousal. Even though defendant may not have experienced sexual arousal at the moment the victims touched themselves when putting on the provocative clothing, defendant's intent when instigating or causing the touchings was lewd and lascivious within the meaning of section 288, since the touchings were sexually motivated and committed for the purpose of defendant's sexual gratification." (*Id.* at p. 1233.)

The same is true here. Although Cruz perhaps would not have experienced sexual arousal at the time the girls took the requested nude photographs, the jury could find he instigated or encouraged the girls to undress and take the photographs to satisfy his sexual desires. As *Lopez* makes clear, the statute does not require that defendant's intent and the victim's touching occur simultaneously.

We therefore conclude a reasonable jury could find Cruz guilty beyond a reasonable doubt of attempt to commit a lewd or lascivious act on a minor. Sufficient evidence supports the convictions on counts 6, 9, and 22.

II.     *Neither the Trial Court's Jury Instruction on Section 288(a) nor its Response to the Jury's Question Was Erroneous.*

Cruz next raises a claim of instructional error that is tied to his substantial evidence challenge. He argues the trial court improperly instructed the jury on the elements of the section 288(a) offense, an error exacerbated by the court's allegedly incorrect response to a question from the jury. We examine this argument in its factual context.

14

A.    *Factual Background*

Over defense counsel's objection, the trial court gave a modified version of a special jury instruction requested by the prosecutor.[8]  The special instruction was read at the end of CALCRIM No. 1110.  Regarding the offenses charged in counts 6, 9, 16, and 22, the court instructed the jury as follows:

"The defendant is charged in Count Six, Nine, 16 and 22 with attempting to commit a lewd or lascivious act on a child under the age of 14 years in violation of Penal Code Section 288(a).

"To prove that the defendant is guilty of this crime, the People must prove that:

"One, the defendant willfully caused a child to touch her own body, the defendant's body, or the body of someone else either on the bare skin or through the clothing;

"Two, the defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself and the child—or excuse me—or the child;

"And three, the child was under the age of 14 years at the time of the act.

"Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.

"Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not required.

"It is not a defense that the child may have consented to the act.

"Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun.

---

[8] The prosecutor proposed the following instruction:  "A jury may, but is not required to find a defendant guilty of a violation of Penal Code Section 288(a) when he instigates touching by the minor of the minor's own body when she is requested to remove her own clothing."

*"The People must prove this crime by proving that the defendant caused a child to touch her own body by asking her to remove her clothing."*[9]  (Italics added.)

Before giving the foregoing instruction, the court had also given the jury CALCRIM No. 251, instructing the jurors that "[t]he crimes charged in this case require proof of the union or joint operation of act and wrongful intent. For you to find a person guilty of the crimes in this case, that person must not only intentionally commit the prohibited act but must do so with a specific intent or mental state.  [¶] The act and the specific intent or mental state required are explained in the instructions for each crime."

During deliberations, the jury made a number of requests.  Relevant here was a note the jury sent the court asking, "On Count 9, is asking for witness to remove her clothes sufficient to prove 288A or is asking sufficient under 664.  We are confused by jury instructions and jury verdict form.  Do we go by form or instructions?"  The following day, the trial court discussed the jury's note with counsel.  The court explained it had drafted a proposed response that it had shared with the parties.  The court noted that defense counsel objected to the third paragraph of its proposed response.

The court overruled the defense objection and responded in writing to the jury as follows:  "Penal Code Section 664 defines an attempt to commit any crime.  Penal Code Section 288(a) defines the crime of Lewd and Lascivious Act upon a Child under 14.  Therefore, an attempt to commit a Lewd Act upon a Child under Age 14 is a violation of Penal Code Sections 288(a)/664.  The verdict form for Count 9 is correct.  [¶] CALCRIM instruction no. 460 describes the elements for all of the attempted crimes charged.  CALCRIM instruction no. 1110 describes the elements for the crime of Lewd Act upon a Child under 14 in violation of Penal Code Section 288(a).  For Count 9, please read

---

[9] The clerk's transcript reflects a somewhat different version of the final paragraph of the instruction.  In the clerk's transcript, the instruction reads:  "The People *may* prove this crime by proving that the defendant caused a child to touch her own body by asking her to remove her own clothing, if the defendant did so with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child."  (Italics added.)  As quoted in the text, when it orally instructed the jury, the trial court used the verb "must" instead of "may."

16

CALCRIM instructions numbered 460 and 1110 together for the elements of the charged crime of Attempted Lewd Act upon a Child under 14. [¶] The People can prove the crime of Attempted Lewd Act upon a Child under Age 14 by proving that the defendant attempted to cause a child to touch her own body by asking her to remove her clothing, if the defendant did so with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child. [¶] Please consider all of these responses in connection with all of the jury instructions I gave you."

B. *The Trial Court Was Not Required to Instruct the Jury that Defendant's Sexual Intent Had to be Concurrent With the Victims' Touching.*

Cruz contends the trial court erred in giving the final paragraph of the modified CALCRIM No. 1110 instruction. He argues it was "incorrect in that it failed to inform the jury that there had to be a concurrence of the act of the girl touching herself while she removed her clothing with appellant's sexual intent which was simply to get the photograph not witness its production." Cruz further contends this error was "compounded" by the trial court's response to the jury's question, which instructed the jury that "[t]he People can prove the crime of Attempted Lewd Act upon a Child under Age 14 by proving that the defendant attempted to cause a child to touch her own body by asking to remove her clothing, if the defendant did so with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child." While Cruz recognizes the trial court also instructed the jury with CALCRIM No. 251 on the union of act and intent, he argues "there was no further instruction to the jury that would lead them to believe the sexual intent had to exist at the time of the photography, not upon the receipt of the same."

We find no merit in Cruz's claim of instructional error. To begin with, Cruz acknowledges this claim is tied to his argument that there was insufficient evidence of the required concurrence of sexual intent with a touching, an argument we have already rejected. Although he presents this argument in the guise of instructional error, it essentially reiterates the contention we found meritless in part I, *ante*. The argument is no more persuasive warmed over than it was when freshly served.

17

Cruz contends "[t]he jury was not properly instructed that either the appellant or victim must experience sexual gratification at the time of the touching, not sometime in the distant [future] when appellant hoped to receive the nude 'selfies.'" But the very case upon which he relies, *Lopez,* refutes his argument. In *Lopez,* the defendant contended "it is not sufficient for defendant's lewd intent to occur in some proximity to the touching act. The act and lewd intent must occur simultaneously." (*Lopez, supra,* 185 Cal.App.4th at p. 1230.) The court disagreed, explaining, "Even though defendant may not have experienced sexual arousal at the moment the victims touched themselves when putting on the provocative clothing, defendant's intent when instigating or causing the touchings was lewd and lascivious within the meaning of section 288, since the touchings were sexually motivated and committed for the purpose of defendant's sexual gratification." (*Id*. at p. 1233.) Far from supporting Cruz's claim, *Lopez* refutes it. We discern no error in the trial court's instruction on this point.[10]

III.    *Cruz's Prosecution Under Section 288(a) Does Not Violate the Williamson Rule.*

Finally, Cruz contends his convictions for attempted violations of section 288(a) violate the prohibition against prosecution under a general statute when the specific conduct at issue is prohibited under section 288.3, subdivision (a).[11] According to Cruz, the specific conduct at issue here is "sexting." He contends "the Legislature intended this conduct be governed by the more narrow section instead of . . . [the] more general and severe statute of section 288, subdivision (a)." As we will explain, we disagree.

A.    *Cruz's Conduct Went Beyond "Sexting."*

Before we assess the legal merits of Cruz's argument, we pause to note our disagreement with his characterization of his conduct in this case. He describes his

---

[10] Because we conclude the instruction was not erroneous, we need not address Cruz's contentions that the instruction violated his due process rights and prejudiced him.

[11] Section 288.3, subdivision (a) provides: "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 288, 288a, 288.2, 289, 311.1, 311.2, 311.4 or 311.11 involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense."

actions as "sexting," but that term has been defined as "the exchange of sexually explicit text messages, including photographs, via cell phone." (*United States v. Broxmeyer* (2d Cir. 2010) 616 F.3d 120, 123; see *People v. Gonzalez* (2012) 211 Cal.App.4th 132, 139 [referring to "the special case of 'self-produced' pornography (e.g., sexting)"].) As the People point out, however, Cruz's conduct went beyond merely sending sexually explicit text messages. Crucially, "[h]e asked each of the victims, girls under the age of 14, to send sexually explicit photos of themselves to him." It is this aspect of appellant's conduct that forms the basis of the offenses of which he was convicted.

It is certainly true that Cruz sent sexually explicit messages to the girls, messages that included photographs of his erect penis. But here we are focused on his efforts to persuade three girls under the age of 14 to disrobe, photograph themselves, and then send the nude photographs to him. As the California Supreme Court has explained, it is "the defendant's intent to sexually exploit a child" that forms "the 'gist' of the offense" described in section 288(a). (*Martinez, supra,* 11 Cal.4th at p. 444.) Cruz's description of his actions simply omits the key element of the crimes of which he was convicted.

B.     *Governing Law – The Williamson Rule*

Cruz's argument is based on what is often referred to as the "*Williamson* rule." (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*), citing *In re Williamson* (1954) 43 Cal.2d 651.) "Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute. In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute." (*Murphy, supra,* 52 Cal.4th at p. 86.) The doctrine is "designed to ascertain and carry out legislative intent." (*People v. Jenkins* (1980) 28 Cal.3d 494, 505, fn. omitted.)

The *Williamson* rule applies "if '(1) "each element of the general statute corresponds to an element on the face of the special statute" or (2) . . . "it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute." [Citation.]' [Citation.] It does not apply 'if

the more general statute contains an element that is not contained in the special statute and that element would not commonly occur in the context of a violation of the special statute.' [Citation.]" (*People v. Medelez* (2016) 2 Cal.App.5th 659, 662 (*Medelez*).) Cruz contends the second of these tests applies in this case.

C.     *A Violation of Section 288.3 Will Not Necessarily Result in a Violation of Section 288(a).*

To determine whether the second test is met, we ask whether a violation of the special statute, section 288.3, will necessarily result in a violation of the more general one, section 288(a). (See *People v. Jones* (2003) 108 Cal.App.4th 455, 464.) Section 288.3 prohibits "contact or communication with a minor or an attempt to do so with the specific intent to commit an enumerated sex offense." (*People v. Keister* (2011) 198 Cal.App.4th 442, 448.) A violation of this statute will not necessarily result in a violation of section 288. For example, if Cruz had contacted the victims in this case by text messaging for the purpose of arranging a meeting with them with the intent to commit a violation of section 288(a), he would have violated section 288.3. But he would not necessarily have violated section 288(a). As explained earlier, that section requires a touching, whether actual or constructive, of a child under age 14, coupled with the requisite sexual intent.

Here, the general statute, section 288(a), contains an element—an actual or constructive touching—that is not contained on the face of the more recently enacted special statute, section 288.3. (See *Medelez, supra,* 2 Cal.App.5th at p. 662.) This distinction makes it apparent that "the statutes cover different conduct," and so the *Williamson* rule does not apply. (*Ibid*.) Indeed, "because the general statute contemplates more culpable conduct, it is reasonable to infer that the Legislature intended to punish such conduct more severely." (*Murphy, supra,* 52 Cal.4th at p. 87.) We therefore hold that Cruz's convictions for attempted lewd and lascivious acts do not violate the *Williamson* rule.

DISPOSITION

The judgment is affirmed.

20

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.

A143768

Superior Court of the County of Contra Costa, No. 051405711, John William Kennedy, Judge.

Marylou Elin Hillberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, Violet M. Lee, Deputy Attorney General for Plaintiff and Respondent.

A143768