**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL GAREDAKIS; et al., | No. 16-16332 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 4:14-cv-04799-PJH |
| BRENTWOOD UNION SCHOOL DISTRICT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted January 11, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Plaintiffs appeal from summary judgment on their Americans with

Disabilities Act (ADA) and Rehabilitation Act claims. One plaintiff, M.G., appeals

from summary judgment on seven state law claims.

**1.** The district court properly entered summary judgment in favor of

defendants on plaintiffs' ADA and Rehabilitation Act claims based on the alleged

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

denial of a free appropriate public education because plaintiffs failed to exhaust the Individuals with Disabilities Education Act's procedures before filing this action. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752–53 (2017).

Plaintiffs also seek relief under these statutes based on a hostile educational environment theory. Assuming without deciding that such a theory is cognizable in our circuit, plaintiffs' claims fail because they have not shown the alleged abuse was "by reason of" or "solely by reason of" their disabilities. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013), citing 42 U.S.C. § 12132 and 29 U.S.C. § 794. We reject plaintiffs' argument that their placement in Holder's class "by reason of" their disabilities satisfies the causation requirement. That fact tells us nothing about Holder's motivation for allegedly abusing them, which is the relevant question. *See K.M. ex rel. Bright*, 725 F.3d at 1099. By contrast, plaintiffs' reading would effectively remove the element of causation from the statutes. Denying any benefit to a student in a special education classroom would violate the statutes, regardless of why it was denied or if students without disabilities received it.

We affirm summary judgment on plaintiffs' federal claims.

2.     The district court erred in concluding that M.G.'s state law claims do not qualify for the childhood sexual abuse exception to the California Government Claims Act. Cal. Gov. Code § 905(m). M.G. did not need to plead Section 340.1 in

the complaint; it was sufficient to allege facts showing that the exception applies. *A.M. v. Ventura Unified Sch. Dist.*, 3 Cal. App. 5th 1252, 1262 (2016).

Holder and her aides' alleged conduct would have constituted a lewd or lascivious act under section 288 of the California Penal Code. Cal. Civ. Proc. Code § 340.1(e). A defendant can violate section 288 without actually touching the victim. "The required touching may be done by the child on his or her own person provided it was caused or instigated by a perpetrator having the requisite specific intent." *People v. Villagran*, 5 Cal. App. 5th 880, 890 (2016). The "requisite specific intent" is that "of arousing, appealing to, or gratifying the lust of the child or the accused." *Id.* at 891, citing Cal. Penal Code § 288. Here, the complaint alleged that this was "a game" the adults played, resulting in M.G.'s sexual arousal. M.G.'s father testified that Holder, to the best of his recollection, told him "this thing with the toes was a game and they like to figure out which colors arouse him the most." That Holder and the aides were not sexually aroused by the game – they found it to be "funny" or even "cute" – is of no matter. The statute is disjunctive. Cal. Penal Code § 288. An intent to arouse either themselves or M.G. is sufficient. In addition, the evidence is clear that they intended to arouse M.G. for their humor. *See Villagran*, 5 Cal. App. 5th at 891 ("Because intent for purposes of . . . section 288 can seldom be proven by direct evidence, it may be inferred from the circumstances").

3

Defendants argue on appeal that the exception does not apply because M.G. presented no evidence that the alleged abuse occurred on or after January 1, 2009. We need not consider this argument because defendants did not raise it in the district court. *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015).[1] Consideration at this late stage would unfairly prejudice M.G. because he can no longer develop the factual record.

Even if we were to consider the argument, M.G. has introduced enough evidence to survive summary judgment. Viewing the evidence in the light most favorable to M.G., as we must, there is a genuine dispute of fact as to whether the abuse continued throughout the school year. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 466 (9th Cir. 2015). While M.G.'s father witnessed the game only on one occasion in fall 2008, M.G. was in Holder's class until April 2009. His mother testified an aide told her that the conduct occurred "[a] couple times a week." In addition, the fact that Holder and the aides called the activity a "game" suggests repeated occurrences. Further, because M.G. was a non-

---

[1] We respectfully disagree with our dissenting colleague that *United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016) requires consideration of this argument. *Williams* recognized that "Our court applies a general rule against entertaining arguments on appeal that were not presented or developed before the district court." *Id.* (quotations and citations omitted). There, the government had advanced a general probable cause theory in the district court, and we held it was "able to make a *more precise* argument on appeal as to why the officers had probable cause." *Id.* at 311-12 (emphasis added).

verbal three-year old, he may not have been able to report later abuse to his parents. Finally, his continued masturbatory behavior toward women's feet in public also suggests prolonged abuse. Therefore, we reject defendants' argument that there was no evidence abuse continued on or after January 1, 2009.

We hold the district court erred by concluding that M.G.'s claims did not qualify for the childhood sexual abuse exception to the California Government Claims Act. We reverse this part of the district court's decision.

**AFFIRMED in part; REVERSED in part.**

Defendants shall bear M.G.'s costs on appeal. All other parties shall bear their own costs.

*Garedakis v. Brentwood Union School Dist*., **Case No. 16-16332**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I agree that the district court properly entered summary judgment on the Plaintiffs' claims under the Americans with Disabilities Act and the Rehabilitation Act. However, I disagree with the majority's conclusion that summary judgment was improper on the state law claims.

As an initial matter, I take exception to the notion that we need not consider Defendants' argument that the exception to California Penal Code § 288 does not apply due to Plaintiff M.G.'s failure to present any evidence of abuse occurring on or after January 1, 2009. The majority's reliance on *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015), is misplaced. In *Gilbert*, we reiterated that "[a]s a general rule, a federal appellate court does not consider an issue not passed upon below." *Id*. (citation and internal quotation marks omitted). However, the issue of the exception to California Penal Code § 288 was passed upon below. The majority acknowledges as much. *See Majority Opinion*, pp. 4-5 ("We hold the district court erred by concluding that M.G.'s claims did not qualify for the childhood sexual abuse exception to the California Government Claims Act. . . ."). What the majority is really saying is that the defendants did not make the *argument* that M.G. failed to present evidence that the alleged abuse occurred on or after

January 1, 2009.  But we have repeatedly held that it is issues that are waived, not arguments.  *See United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016) ("[W]e have made it clear that it is claims that are deemed waived or forfeited, not arguments. . . .") (citations and internal quotation marks omitted); *see also Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below. . . .")  (citations omitted).  In addition, on *de novo* review, we may affirm on any basis supported by the record. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007).

On the merits, I disagree that M.G. raised a material issue of fact regarding abuse occurring on or after January 1, 2009.  The record reflects that M.G.'s father observed only one incident in the fall of 2008.  The fact that M.G. remained in the class until April, 2009, is not evidence of the asserted abuse.  The "suggestions" and "maybes" from the majority are not evidence. *Majority Disposition*, p. 4.  *See Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (observing that to survive summary judgment, plaintiffs bear the burden to produce evidence "other than speculation or guesswork").  Finally, continued effects of an action do not equate to continued engagement in the challenged act.  *See,* e.g., *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original

violation.") (citations, footnote reference, and alteration omitted).

Because M.G. failed to raise a material issue of fact regarding the existence of abuse occurring on or after January 1, 2009, I would affirm the district court's ruling that M.G.'s claims did not qualify for the child abuse exception to the Government Claims Act. In sum, I would affirm the district court decision in its entirety.