UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL GAREDAKIS; et al., | No. 16-16332 |
| Plaintiffs-Appellants, | D.C. No. 4:14-cv-04799-PJH Northern District of California, Oakland |
| v. | |
| BRENTWOOD UNION SCHOOL DISTRICT; et al., | ORDER |
| Defendants-Appellees. | |

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Judge Watford and Judge Wallace have voted to grant appellants' petition for panel rehearing, and Judge Rawlinson has voted to deny it. Accordingly, appellants' petition for panel rehearing is GRANTED. The memorandum disposition filed on June 15, 2018, is withdrawn. A revised memorandum disposition is being filed concurrently with this order.

Judge Rawlinson and Judge Watford have voted to deny the petition for rehearing en banc, and Judge Wallace has so recommended. The full court has been advised of the petition, and no judge has requested a vote on whether to rehear the matter en banc. Accordingly, the petition for rehearing en banc is DENIED. No further petitions for panel rehearing or rehearing en banc will be entertained.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL GAREDAKIS; et al.,

           Plaintiffs-Appellants,

  v.

BRENTWOOD UNION SCHOOL
DISTRICT; et al.,

           Defendants-Appellees.

No.   16-16332

D.C. No. 4:14-cv-04799-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted January 11, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

    Plaintiffs appeal from summary judgment on their Americans with

Disabilities Act (ADA) and Rehabilitation Act claims. One plaintiff, M.G., appeals

from summary judgment on seven state law claims.

    **1.**    Plaintiffs seek relief under these statutes based on two theories: the

denial of a "free appropriate public education" and the creation of a hostile

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

educational environment. Assuming without deciding that the latter theory is cognizable in our circuit, that claim fails because the plaintiffs have not shown the alleged abuse was "by reason of" or "solely by reason of" their disabilities. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013), citing 42 U.S.C. § 12132 and 29 U.S.C. § 794. We reject plaintiffs' argument that their placement in Holder's class "by reason of" their disabilities satisfies the causation requirement. That fact tells us nothing about Holder's motivation for allegedly abusing them, which is the relevant question. *See K.M. ex rel. Bright*, 725 F.3d at 1099.

On the denial of a free appropriate public education claim, no reasonable jury could find on this record that Brentwood was deliberately indifferent. Once Brentwood knew that harm to a federally protected right was substantially likely, it investigated Holder, placed her on notice of her misconduct, transferred her to a different school, forbid her to be alone with students, and regularly observed her classroom. These actions preclude a finding of deliberate indifference. *See Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006). Nor could a reasonable jury find that Holder herself was deliberately indifferent. The district court correctly concluded that Holder could not be found to be deliberately indifferent because she was not in a position to grant the plaintiffs' accommodation. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1140 & n.15 (9th Cir. 2001).We affirm

summary judgment on plaintiffs' federal claims.

2.      The district court erred in concluding that M.G.'s state law claims do not qualify for the childhood sexual abuse exception to the California Government Claims Act. Cal. Gov. Code § 905(m). M.G. did not need to plead Section 340.1 in the complaint; it was sufficient to allege facts showing that the exception applies. *A.M. v. Ventura Unified Sch. Dist.*, 3 Cal. App. 5th 1252, 1262 (2016).

Holder and her aides' alleged conduct would have constituted a lewd or lascivious act under section 288 of the California Penal Code. Cal. Civ. Proc. Code § 340.1(e). A defendant can violate section 288 without actually touching the victim. "The required touching may be done by the child on his or her own person provided it was caused or instigated by a perpetrator having the requisite specific intent." *People v. Villagran*, 5 Cal. App. 5th 880, 890 (2016). The "requisite specific intent" is that "of arousing, appealing to, or gratifying the lust of the child or the accused." *Id.* at 891, citing Cal. Penal Code § 288. Here, the complaint alleged that this was "a game" the adults played, resulting in M.G.'s sexual arousal. M.G.'s father testified that Holder, to the best of his recollection, told him "this thing with the toes was a game and they like to figure out which colors arouse him the most." That Holder and the aides were not sexually aroused by the game – they found it to be "funny" or even "cute" – is of no matter. The statute is disjunctive. Cal. Penal Code § 288. An intent to arouse either themselves or M.G.

3

is sufficient. In addition, the evidence is clear that they intended to arouse M.G. for their humor. *See Villagran*, 5 Cal. App. 5th at 891 ("Because intent for purposes of . . . section 288 can seldom be proven by direct evidence, it may be inferred from the circumstances").

Defendants argue on appeal that the exception does not apply because M.G. presented no evidence that the alleged abuse occurred on or after January 1, 2009. We need not consider this argument because defendants did not raise it in the district court. *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015).[1] Consideration at this late stage would unfairly prejudice M.G. because he can no longer develop the factual record.

Even if we were to consider the argument, M.G. has introduced enough evidence to survive summary judgment. Viewing the evidence in the light most favorable to M.G., as we must, there is a genuine dispute of fact as to whether the abuse continued throughout the school year. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 466 (9th Cir. 2015). While M.G.'s father

---

[1] We respectfully disagree with our dissenting colleague that *United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016) requires consideration of this argument. *Williams* recognized that "Our court applies a general rule against entertaining arguments on appeal that were not presented or developed before the district court." *Id.* (quotations and citations omitted). There, the government had advanced a general probable cause theory in the district court, and we held it was "able to make a *more precise* argument on appeal as to why the officers had probable cause." *Id.* at 311-12 (emphasis added).

witnessed the game only on one occasion in fall 2008, M.G. was in Holder's class until April 2009. His mother testified an aide told her that the conduct occurred "[a] couple times a week." In addition, the fact that Holder and the aides called the activity a "game" suggests repeated occurrences. Further, because M.G. was a non-verbal three-year old, he may not have been able to report later abuse to his parents. Finally, his continued masturbatory behavior toward women's feet in public also suggests prolonged abuse. Therefore, we reject defendants' argument that there was no evidence abuse continued on or after January 1, 2009.

We hold the district court erred by concluding that M.G.'s claims did not qualify for the childhood sexual abuse exception to the California Government Claims Act. We reverse this part of the district court's decision.

**AFFIRMED in part; REVERSED in part.**

Defendants shall bear M.G.'s costs on appeal. All other parties shall bear their own costs.

**Garedakis v. Brentwood Union School Dist., Case Nos. 16-16332**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I agree that the district court properly entered summary judgment on the

Plaintiffs' claims under the Americans with Disabilities Act and the Rehabilitation

Act. However, I disagree with the majority's conclusion that summary judgment

was improper on the state law claims.

As an initial matter, I take exception to the notion that we need not consider

Defendants' argument that the exception to California Penal Code § 288 does not

apply due to Plaintiff M.G.'s failure to present any evidence of abuse occurring on

or after January 1, 2009. The majority's reliance on United States v. Gilbert, 807

F.3d 1197, 1201 (9th Cir. 2015), is misplaced. In Gilbert, we reiterated that "[a]s a

general rule, a federal appellate court does not consider an issue not passed upon

below." Id. (citation and internal quotation marks omitted). However, the issue of

the exception to California Penal Code § 288 was passed upon below. The majority

acknowledges as much. See Majority Disposition, p. 3 ("The district court erred in

concluding that M.G.'s claims do not qualify for the childhood sexual abuse

exception to the California Government Claims Act. . . ."). What the majority is

really saying is that the defendants did not make the argument that M.G. failed to

present evidence that the alleged abuse occurred on or after January 1, 2009. But

we have repeatedly held that it is issues that are waived, not arguments. *See United*

*States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016) ("[W]e have made it clear

that it is claims that are deemed waived or forfeited, not arguments. . . .") (citations and internal quotation marks omitted); *see also Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below. . . .") (citations omitted). In addition, on *de novo* review, we may affirm on any basis supported by the record. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007).

On the merits, I disagree that M.G. raised a material issue of fact regarding abuse occurring on or after January 1, 2009. The record reflects that M.G.'s father observed only one incident in the fall of 2008. The fact that M.G. remained in the class until April, 2009, is not evidence of the asserted abuse. The "suggestions" and "maybes" from the majority are not evidence. *Majority Disposition*, p. 5. *See Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (observing that to survive summary judgment, plaintiffs bear the burden to produce evidence "other than speculation or guesswork"). Finally, continued effects of an action do not equate to continued engagement in the challenged act. *See,* e.g., *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.") (citations, footnote reference, and alteration omitted).

Because M.G. failed to raise a material issue of fact regarding the existence

of abuse occurring on or after January 1, 2009, I would affirm the district court's ruling that M.G.'s claims did not qualify for the child abuse exception to the Government Claims Act. In sum, I would affirm the district court decision in its entirety.